James A. Saville, Jr. (NJ #046561998)
HILL RIVKINS LLP
The Bentley Building
98 Craig Road
Manalapan, NJ 07726
Tel: (732) 838-0300
Email: jsaville@hillrivkins.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>- against -<br><br>W.C. MCQUAIDE, INC.,<br><br>     Defendant. | Case No.<br><br>**COMPLAINT** |

  Plaintiff, FEDERAL INSURANCE COMPANY ("Plaintiff" or "Federal"), by and through its attorneys Hill Rivkins LLP, as and for the Complaint against W.C. MCQUAIDE, INC. ("Defendant" or "McQuaide"), alleges upon information and belief as follows:

  1. This subrogation action arises from the loss or damage to a shipment of respiratory equipment (the "Cargo") transported in interstate commerce from Pennsylvania to New Jersey in or about August 2020.

  2. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337 as this action arises from the transportation of goods in interstate commerce and is governed by the Carmack Amendment to the Interstate Commerce Act, as amended and recodified, 49 U.S.C. § 11706 and/or § 14706, and the amount in controversy exceeds $10,000 per bill of lading.

3. Defendant is subject to the personal jurisdiction of this Honorable Court because it agreed to transport and deliver the Cargo to destination within New Jersey and thereby purposefully directed their activities at the forum state.

4. This U.S. District Court for the District of New Jersey is the proper venue for this action pursuant to 49 U.S.C. § 14076(d) as the Defendant operates through this District. Alternatively, venue is proper pursuant to 49 U.S.C. § 11706(d) as New Jersey was the point of destination for the shipment of the Cargo.

5. At all times relevant hereto, Plaintiff was and now is an insurance company organized and existing under Indiana law, with an office and principal place of business at 15 Mountain View Road, Warren New Jersey 07061.

6. At all relevant times hereto, Plaintiff issued an insurance policy to Medical Depot Holdings, Inc. d/b/a Drive DeVilbiss Healthcare ("Medical Depot"), effective for the period of September 15, 2019, to September 15, 2020.

7. At all times relevant hereto, Defendant, W.C. MCQUAIDE, INC. was and now is a corporation or other business entity organized and existing under Delaware law, with an office and principal place of business at 153 Macridge Avenue, Johnstown, PA 15904, engaged in business as a common carrier of goods by motor and intermodal carriage in interstate commerce. McQuaide may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

8. McQuaide was a carrier of the Cargo, within the meaning of the Carmack Amendment to the Interstate Commerce Act.

9. On or about August 2020, McQuaide was retained to transport the Cargo from Pennsylvania to New Jersey by intermodal carriage (the "Shipment"), in exchange for the payment of freight or other consideration.

10. The Cargo was tendered to McQuaide at origin, in good order and condition and suitable in every respect for its intended transportation, which Defendant received, accepted, and took control over pending delivery to destination in New Jersey.

11. Thereafter, on or about August 10, 2020, while within McQuaide's possession and control, the Cargo was damaged by fire during the Shipment while on board a trailer in route to New Jersey.

12. McQuaide failed to deliver the Cargo in the same good order and condition to its destination as it was received, was negligent and careless in its handling of the Cargo, and otherwise breached and violated its statutory, common-law, and contractual duties and obligations as common carrier, freight forwarder, and/or bailee of the Cargo and was otherwise at fault.

13. The loss, damage, and/or shortages were not caused by any circumstance that would give rise to a defense or exception to carrier liability, such as inherent vice of the goods or acts of God, the public authority, the public enemy, or the shipper.

14. Pursuant to an insurance claim made under the Policy then in full force and effect, and prior to the commencement of this action, Plaintiff reimbursed Medical Depot for the loss at issue, and thereby became subrogated to all of Medical Depot's rights, remedies, claims, and causes of action with respect to the Cargo, including those asserted against Defendant herein.

15. Plaintiff brings this action on its own behalf and, as agents and trustees, on behalf and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

16. Plaintiff and its subrogor have duly performed all duties, obligations, and conditions precedent to be performed on their part, including the payment of freight.

17. By reason of the foregoing, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $348,857.00.

**WHEREFORE**, Plaintiff prays:

(i) that process be issued against Defendant in due form of law according to the practice of this Honorable Court, citing them to appear and answer the foregoing;

(ii) that judgment be entered against Defendant, in the amount of $348,857.00, plus interest, costs, and attorneys' fees; and

(iii) for such other and further relied as this Honorable Court deems just and proper under the circumstances.

Dated: August 9, 2022

                      HILL RIVKINS LLP
                      *Attorneys for Plaintiff*

By:    /s/ James A. Saville, Jr.
                      James A. Saville, Jr. (NJ #046561998)
                      The Bentley Building
                      98 Craig Road
                      Manalapan, NJ 07726
                      Tel: (732) 838-0300
                      Email: jsaville@hillrivkins.com